This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                     NO. 30,623

**SHONLEE CHAVEZ**
**aka SHONLEE LEWIS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Reed S. Sheppard, District Judge**

Gary K. King, Attorney General
Andrea Sassa, Assistant Attorney General
Santa Fe, NM

for Appellee

D. Eric Hannum
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Defendant appeals from a conditional discharge order, entered pursuant to a

conditional guilty plea reserving the right to appeal the denial of Defendant's motion to suppress. In this Court's notice of proposed summary disposition, we proposed to reverse. The State has responded with a memorandum in opposition, which we have duly considered, and has failed to persuade us. We reverse.

Defendant moved to suppress evidence based on his assertion that the police did not have a reasonable suspicion to stop the vehicle in which he was a passenger. [RP 63-65, 76-77] We reverse based on this Court's decision in *State v. Eric K.*, 2010-NMCA-040, ¶¶ 23-24, 148 N.M. 469, 237 P.3d 771. In that case, we held that a person's proximity to a reported crime, combined with the fact that the person and his companion were the only people walking in the area and the fact that the person attempted to avoid the police when he saw them, was insufficient to establish reasonable suspicion when the person was not in the immediate vicinity of the crime, but was instead two blocks away. *Id.*

In the State's memorandum in opposition, it argues that *Eric K.* is distinguishable, such that this Court should affirm. The State first refers to the fact that in *Eric K.*, an anonymous 911 caller reported that a female held a gun to him and took his money during a drug transaction that occurred near a middle school. [MIO 5] However, this Court did not rely on the information provided to the dispatcher, but only to what the officer knew when he detained the suspect. Information such as the

2

gender of the suspect, was not provided by the dispatcher to the officer on the street, who was merely informed that there was an armed suspect near the school who had pulled a gun on someone during an attempt to purchase drugs. *Id.* ¶¶ 3, 16.

The State also asserts that in *Eric K.*, the police only suspected that a crime had taken place based on the allegations in an anonymous call, whereas here, the police had confirmed that a middle school had been robbed and therefore knew that a second robbery was occurring when an alarm went off at a nearby elementary school. [MIO 7] The State contends that because it was clear that the perpetrators were on a crime spree, "time was of the essence." [MIO 7] We remain unpersuaded. Although we agree that the police may have had good reason to suspect that the alarm at the elementary school could be related to the confirmed robbery at the middle school, this was no certainty. Furthermore, we believe that the police's concern in *Eric K.*, about an armed suspect in the area of a middle school, was a significant concern—no less so because it had not yet been confirmed by locating the suspect. We do not believe that locating the perpetrators of a possible robbery of an elementary school is somehow more critical than locating a person who is claimed to have threatened someone with a gun in the area of a middle school.

The State points out that in *Eric K.*, the investigatory detention occurred during the day, whereas here, it occurred close to midnight, and that the four occupants of the

car appeared to be in their teens, such that it was late for them to be out. The fact that it was late such that there was very little traffic in the area does not meaningfully distinguish this case from *Eric K.* since, in *Eric K.* it was a day off from school so that there would have been less than the usual traffic in the area and the officer in that case testified that he saw no one else on the street. *See id.* ¶ 23. Furthermore, the fact that there were four males in a vehicle who looked to be high school age does not make the occupants more suspicious than the two school-aged pedestrians stopped walking from the direction of a middle school on a day when school was not in session. Accordingly, we conclude that in viewing the totality of the circumstances as a whole, this case is controlled by our decision in *Eric K.*

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we reverse.

**IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____
**JAMES J. WECHSLER, Judge**

_____
**CYNTHIA A. FRY, Judge**